IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUZANNE COMBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | 3:11-CV-1322-K |
| FORTUNE HI-TECH | § | |
| MARKETING, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Suzanne Combs' Motion to Remand (Doc. No. 9). The Court has reviewed Ms. Combs' motion, the response, the notice of removal, the pleadings, and the applicable law. Because complete diversity of citizenship exists among the parties, Ms. Combs' motion to remand is **DENIED**.

**I.  Background**

Defendant Fortune Hi-Tech Marketing, Inc. ("Fortune") is a multi-level marketing company. Ms. Combs was hired by Fortune in September 2008 as an independent representative. In May 2009, she was promoted to an Executive position within the company, earning significantly more money. Later in 2009, Ms. Combs alleges her income dropped significantly due to actions by Fortune which affected her bonus payments and residual income. Though it is not clear from her original petition in Texas state court, it appears Ms. Combs claims her loss of income was due to Fortune wrongfully "re-coding" or reassigning the representatives she sponsored. Because the

representatives within a sponsor's regional code generate income for their sponsors, Ms. Combs' income allegedly decreased.

Ms. Combs claims her agreement with Fortune was suspended on April 6, 2011, and her bonuses, commissions, and other revenue were was cut off, when Fortune discovered that she had been attempting to recoup her lost earnings. Ms. Combs filed suit in Texas state court on May 12, 2011 for several claims, including breach of contract and fraud. Fortune removed to this Court on June 16, 2011, and Ms. Combs filed this motion to remand on July 6, 2011.

## II.    Legal Standard

Removal raises significant federalism concerns, which is why removal statutes are strictly construed in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). The burden of establishing federal jurisdiction is heavy, and it is borne by the removing party. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

## III.    Analysis

An action may be removed if a federal court would have original jurisdiction over the removed claims. 42 U.S.C. § 1441(a) (2009). In its notice of removal, Fortune identified the diversity statute, 28 U.S.C. § 1332, as its basis for removal jurisdiction. Doc. No. 1 at 2. For actions on which prospective jurisdiction is founded upon diversity, all the requirements of 28 U.S.C. § 1332 must be met. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2005). Section 1332 requires that the amount-in-controversy exceed $75,000 and that the parties are completely diverse. 28 U.S.C. §

1332 (2009). Ms. Combs does not dispute that the amount-in-controversy exceeds $75,000, *see* Mot. to Remand at 2, only whether or not the parties are completely diverse.

### A.     Citizenship of the parties

A case removed under § 1332 must have complete diversity of citizenship and no defendant may be a citizen of the forum state. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). An individual's citizenship is determined by where he or she is domiciled. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). A corporation is a citizen of both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1) (2009).

The parties to this case at the time of removal were plaintiff Ms. Combs and defendant Fortune. Initially, there was confusion over Ms. Combs' citizenship. *See* Notice of Removal at 2, Doc. No. 1. Ms. Combs did not state her residence in her original petition in Texas state court, as required by law, *see* Tex. R. Civ. P. 79 (the petition shall state the names of the parties and residences, if known), which means this Court must determine her place of domicile. Domicile in federal court is determined by objective facts, *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985), which include where the party owns real and personal property, votes, pays taxes, maintains bank accounts, and belongs to clubs, *Coury v. Pot*, 85 F.3d 244, 251 (1996). Fortune stated Ms. Combs was a citizen of North Carolina in its notice of removal, *see* Doc. No. 1 at 2, and has submitted three documents that suggest Ms. Combs lives in

North Carolina, *see* Exh. A, Doc. No. 1 (Ms. Combs lists a Charlotte area code in her e-mail's signature block); Exh. B, Doc. No. 1 (Ms. Combs' termination letter, sent to a North Carolina address); App. to Def. Mot. to Transfer Venue at 7, Doc. No. 11 (a North Carolina address is listed for Ms. Combs in her Fortune personnel file). Most notably, Ms. Combs did not contest that she lives in North Carolina in her motion to remand. Because this Court concludes Ms. Combs is domiciled in North Carolina, she will be treated as a citizen of North Carolina for diversity purposes. *Preston*, 485 F.3d at 797. Fortune, as a corporation, is a citizen of Kentucky because it is both incorporated in and has its principal place of business in Kentucky. 28 U.S.C. § 1332(c) (2009).

This means there is a citizen of North Carolina on one side of the lawsuit and a citizen of Kentucky on the other. "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). Because Ms. Combs and Fortune do not share citizenship with each other, there is complete diversity. *Id*.

### B.   Defects in Fortune's notice of removal

Ms. Combs argues there are technical deficiencies in Fortune's notice of removal, specifically that Fortune did not sufficiently plead the parties' diversity because the company failed to allege that diversity existed at the time the lawsuit was filed. Pl. Mot. to Remand at 2. In support of her position, Ms. Combs cites this Court to *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir, 1993), where the panel acknowledged the

requirement that a defendant allege diversity both at the time of filing in state court and at the time of removal. However, that opinion goes on to state, in a footnote at the end of the paragraph to which Ms. Combs cites, that the best remedy for irregularities or defects in the notice of removal is to permit the defendant to amend the notice, not to remand the case. *Id*. at 221 n.4 (citing *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146–47 (5th Cir. 1979)). Ms. Combs' point is well-taken; Fortune is therefore ordered to file an amended notice of removal, within three days of the date this order is signed, that properly alleges diversity of citizenship at both the time this lawsuit was filed and at the time of removal.

## IV.    Conclusion

Because complete diversity exists between Ms. Combs and Fortune, Ms. Combs' motion to remand is **DENIED**. Fortune shall file an amended notice of removal, consistent with the terms of this order, within three days of the date on which this order is signed.

**SO ORDERED**.

Signed August 30th, 2011.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE